## PERKINS v. FRANZ.

Plaintiff purchased a mare from defendant on April 5th, to be delivered on April 7th. On that day plaintiff found the mare sick, and directed defendant to care for her, which he did until the

11th, when she died. Thereupon plaintiff sued for a return of a part of the price paid. The court charged that the fact that the mare was not delivered on the day of the sale was not conclusive, and that title had not passed. **Held,** that a further instruction that delivery of an article sold was not necessary to vest title in the purchaser, but that a sale might be consummated without delivery, if the parties intended at once to consummate the same, and the fact that the mare was left with the seller until a future date would not change the legal effect of the transaction, but title might pass as if the buyer had taken the property away, was not error.

(Opinion filed November 16, 1910.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Action by E. C. Perkins against Amil Franz. Judgment for defendant, and plaintiff appeals. Affirmed.

*Sterling & Clark,* for appellant. *N. P. Bromley,* for defendant.

SMITH, J. Appeal from a judgment and an order overruling motion for a new trial. Appellant, who was plaintiff, brought an action in the circuit court of Spink county, alleging that on the 5th day of April, 1906, he entered into an agreement with defendant, whereby defendant was to sell and deliver to plaintiff a certain mare in sound condition, at the agreed price of $200 in cash; that upon the making of said agreement plaintiff paid defendant $100 on account thereof, and promised and agreed to pay defendant a further sum of $100 upon delivery to plaintiff of said mare in sound condition on the 7th day of April, 1906; that defendant failed to deliver the mare in sound condition, and refused to repay plaintiff the sum of $100 so paid; and demands judgment for $100. Defendant, for answer, pleads a general denial, except as to matters specifically admitted; admits that defendant sold plaintiff the black mare for $200 and that plaintiff, at the time he purchased said mare, paid defendant $100 and that plaintiff agreed with defendant to come and take the mare on the 5th day of April; alleges that it was agreed at the time of the purchase that defendant should keep said mare for the plaintiff until the date of delivery; that on April 7th plaintiff came for the mare, but found her sick, through no fault of defendant, and

directed defendant to care for the mare, that she might be re-stored to health, but that, without fault on defendant's part, the mare died. Defendant, further answering by way of counter-claim, restates the facts pleaded in his answer, and alleges that on April 7th plaintiff came for said mare, and defendant turned her over to plaintiff, who thereupon directed defendant to care for her, which defendant did until April 11th, at which time the mare died, without fault of defendant; alleges that $100 of the purchase price is due and unpaid; and demands judgment by way of counterclaim for that amount. Verdict for defendant for the sum claimed, and judgment against the plaintiff.

The only errors assigned, which are discussed in appellant's brief, relate to certain portions of the charge of the trial court, one of which is stated in appellant's assignment of error in the following language: "If a person buys a piece of personal prop-erty, the sale is complete, and under the agreement the property is left to the seller until future date, the title passed as much as if the person took it away with him. Moreover, the fact that the money was not paid on that date does not cut any figure. If no money had been paid there could have been as complete sale of the horse as if $100.00 had been paid down. And if the defend-ant is entitled to recover $100.00 here, if there had not been a dollar paid, he would be entitled to recover $200.00 at this time." The same language is again quoted in appellant's brief. An ex-amination of the charge as printed in the abstract discloses a material inaccuracy in the assignment of error and in appellant's brief, in the statement of the language used by the court. As given in the abstract, the court used the following language: "Moreover, the fact that the money was not paid on that day does not cut any figure. If any money had been paid there could have been as complete sale of the horse as if $100.00 had been paid down." It is the contention of appellant's counsel that this charge was absolute error, prejudicial, confusing, and misleading. Counsel contends that because of the language of the charge, "If a person buys a piece of personal property, the sale is complete," the jury would be justified in assuming that the court intended

to tell the jury that the transaction testified to by both parties was in law an absolute sale, and argues that the jury was thus forbidden to consider whether the transaction was an executory contract, to be consummated at a future date. Appellant also excepts to another portion of the charge, given in the following language: "You are the sole judges of the facts in this case. You are the sole judges of the credibility of these witnesses. It is your duty, if you can, to harmonize their testimony. If you cannot, then determine which one is testifying truthfully in this case, remembering the question for you to determine is this: To illustrate, if somebody had come at 3 o'clock in the afternoon, and this mare had been there in the barn all right, and offered $1,000 for that mare, which one of these men could have sold this mare and passed title, had title to that mare, whose mare was it? When you have determined that, you have determined this case as far as the question of sale is concerned." Counsel vigorously urges that the effect of this instruction was to prevent the jury from considering whether the transaction constituted an executory contract, instead of an absolute sale.

On the trial plaintiff introduced testimony tending to sustain the facts alleged in his complaint, while defendant introduced evidence tending to establish the facts as alleged in his answer and counterclaim. Two questions thus arose under the pleadings and evidence: First. Did the transaction between plaintiff and defendant on the 5th day of April constitute an executed or an executory sale? Second. If the jury found, under the evidence, that the transaction on the 5th day of April was an executory agreement for a sale, to be consummated on the 7th day of April by a delivery of the mare to the plaintiff in sound condition, then did the plaintiff on the 7th day of April actually accept and receive the mare in her then condition, in fulfillment of plaintiff's agreement to deliver her at that time? An examination of the entire charge discloses that this latter issue was not submitted to the jury, an omission which is decidedly favorable to appellant under the evidence as disclosed by the record. The language used by the court makes it clear that the only question submitted to the

jury was whether or not the transaction had between the plaintiff and defendant on the 5th day of April constituted an executed sale, such as would vest legal title to the mare in plaintiff. The court instructed the jury: "The defendant, answering, claims that this was not an agreement for the sale of the horse, to be consummated on Saturday, but that it was an actual sale, which took place on Thursday, and the title passed at that time; that the horse at that time became plaintiff's. * * * The question for you to determine here is which one has told the truth regarding this agreement. Was it an agreement for a sale, to be consummated—that is, an executory contract—or was it sold there, on the Thursday spoken of? The mere fact that the horse was not delivered on that day, and taken away by the plaintiff then, is not conclusive one way or the other. If a person buys a piece of personal property—the sale is complete—and under the agreement the property is left with the seller until a future date, the title passed as much as if the person took it away with him." Following this portion of the charge are the portions of the charge excepted to by appellant. In this statement of the law the court said to the jury, in effect, that a present delivery of an article sold was not absolutely necessary to vest title in the purchaser; that a sale might be consummated without delivery of possession, if the parties then and there intended at once to consummate the sale; and the fact that the mare was left with the seller until a future date would not change the legal effect of such a transaction—that the title might pass to the purchaser precisely the same as if he took the property away with him. The illustration used by the court in that portion of the charge excepted to was merely intended to reinforce this statement of the law, by saying to the jury that when they had determined whether the title remained in the vendor, or was vested in the vendee, by the transaction of April 5th, the question of the then ownership of the property would be decisive of the issue in the case. It seems to us that the charge of the court, taken as a whole, placed before the jury with sufficient clearness, and with entire fairness, the real issue relied upon by appellant.

The order and judgment of the trial court are affirmed.

WHITING, P. J., took no part in this case.